UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

BENFIELD, INC.,
a Delaware corporation; and
BENFIELD HOLDINGS, INC.,
a Delaware corporation;

        Plaintiffs,

v.

DAVID MOLINE, an individual;
and MARK HAGEN, an individual;
and JOHN B. COLLINS ASSOCIATES, INC.,

        Defendants,

**ORDER**
Civil File No. 04-3513 (MJD/SRN)

_____

Robin Caneff Gipson, Gregory James Stenmoe and Timothy Robert Thornton, Briggs & Morgan, and Wendy J. Wildung, Faegre & Benson, Counsel for Plaintiffs Benfield, Inc., and Benfield Holdings, Inc.

Ansis V. Viksnins and Reuben A. Mjaanes, Lindquist & Vennum, PLLP, Counsel for Defendants David Moline, Mark Hagen, and John B. Collins Associates, Inc.

_____

This matter is before the Court regarding Defendants' letter request to file a motion for reconsideration of the portion of the Court's February 22, 2006, Order granting Plaintiff's motion for partial summary judgment on the issue of conversion. As the Court noted in its Order, neither party cited to or provided any contract governing ownership of the commissions in connection with their summary judgment motions, so the Court applied the general rule regarding

1

entitlement to brokerage commissions.  Plaintiffs now assert that there are contract provisions that address ownership of the brokerage commissions and they are prepared to present this evidence to the Court.  They do not assert that this evidence is newly discovered and offer no explanation for their failure to submit it to the Court during the extensive summary judgment briefing.

The Local Rules provide that a motion to reconsider can only be filed with the Court's express permission, and then, only "upon a showing of compelling circumstances."  L.R. 7.1(g).  The district court's decision on a motion for reconsideration rests within its discretion.  <u>Hagerman v. Yukon Energy Corp.</u>, 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  Such motions **<u>cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion</u>**.  The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . .  Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

<u>Id.</u> at 414 (citation omitted) (emphasis added).  The Court has reviewed its February 22, 2006, Order and concludes that it contains no manifest errors of law or fact.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

Defendants' March 3, 2006, letter request to file a motion for reconsideration is **DENIED**.


Dated: March 16, 2006                                s / Michael J. Davis
                                                              Judge Michael J. Davis
                                                              United States District Court